1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LANELL MARTIN,

11             Plaintiff,                  No. 2:12-cv-0421-JFM (PC)

12        vs.

13   DR. PHILLIP H. BECK,            ORDER AND

14             Defendant.            FINDINGS & RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendant Dr. Phillip Beck's motion to dismiss.

18   Plaintiff opposes the motion.  On review of the motion and the documents filed in support and

19   opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20               RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

21        This action arises from events that occurred at Doctor's Hospital of Manteca

22   ("DHM").  Defendant Dr. Phillip Beck is a private doctor at DHM who contracts with the

23   California Department of Corrections and Rehabilitation.  On February 24, 2010, Dr. Beck

24   performed a laser oblation surgery on plaintiff to correct a double-stream urinary flow condition

25   caused by an enlarged prostate gland.  Plaintiff suffered complications following the surgery,

26   including an inability to urinate without a catheter and a permanent condition called retrograde

1

ejaculation, a common side-effect of the surgery whereby semen is ejaculated into the bladder and urinated out, rendering plaintiff permanently sterile.  Plaintiff also alleges that his initial double-stream urinary flow problem remains an issue.

Plaintiff initiated this action on February 17, 2012 claiming that Dr. Beck did not inform plaintiff of the potential side-effects of the laser oblation surgery and that, had plaintiff been informed of the potential side-effects, he would not have agreed to the surgery.  Plaintiff seeks damages and declaratory and injunctive relief.

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

DISCUSSION

A.    Defendant's Motion to Dismiss

1.    Eighth Amendment

Defendant seeks dismissal of plaintiff's complaint for failure to state a claim.  He asserts that plaintiff's claim sounds in negligence and/or medical malpractice, and that this is insufficient to state an Eighth Amendment claim for deliberate indifference.

1    Deliberate indifference to serious medical needs violates the Eighth Amendmen''s

2    proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97 (1976); Jett

3    v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "In the Ninth Circuit, the test for deliberate

4    indifference consists of two parts."  Jett, 439 F.3d 1096.  First, the plaintiff must show a

5    serious medical need by demonstrating that failure to treat a prisoner's condition could result in

6    further significant injury or the unnecessary and wanton infliction of pain.  Jett, 439 F.3d at

7    1096; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other

8    grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

9    "Second, the plaintiff must show the defendant's response to the need was deliberately

10    indifferent."  Jett, 439 F.3d at 1096.  A prison official is "deliberately indifferent" if he or she

11    knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing

12    to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other

13    words, the second prong is satisfied by the plaintiff showing "(a) a purposeful act or failure to

14    respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

15    Jett, 439 F.3d at 1096.

16    Prison officials demonstrate "deliberate indifference" when they are aware of the

17    patient's condition but "deny, delay or intentionally interfere with medical treatment."  Jett, 439

18    F.3d at 1096.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d

19    1051, 1060 (9th Cir. 2004).  Under this standard, the prison official must not only "be aware of

20    the facts from which the inference could be drawn that a substantial risk of serious harm exists,"

21    but that person 'must also draw the inference.'"  Farmer, 511 U.S. at 837; Toguchi, 390 at 1057.

22    "'If a prison official should have been aware of the risk, but was not, then the official has not

23    violated the Eighth Amendment, no matter how severe the risk.'"  Toguchi, 390 at 1057 (quoting

24    Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n Eighth

25    Amendment claimant need not show that a prison official acted or failed to act believing that

26    /////

1   harm actually would befall an inmate; it is enough that the official acted or failed to act despite

2   his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

3         In applying the deliberate indifference standard, the Ninth Circuit has held that

4   before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

5   medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

6   will not support this cause of action." Broughton v.. Cutter Laboratories, 622 F.2d 458, 460 (9th

7   Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been

8   negligent in diagnosing or treating a medical condition does not state a valid claim of medical

9   mistreatment under the Eighth Amendment.  Medical malpractice does not become a

10  constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at

11  106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

12  F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious

13  medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's

14  mere disagreement with diagnosis or treatment does not support a claim of deliberate

15  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

16        Here, at most, plaintiff alleges facts tending to indicate that defendant failed to

17  secure plaintiff's informed consent before performing a surgery to correct a split-stream urinary

18  problem.  Because mere negligence does not rise to the level of a "cruel and unusual

19  punishment" under the Eighth Amendment, plaintiff's Eighth Amendment claim against

20  defendant fails.

21      2.   Fourteenth Amendment

22        In his opposition, plaintiff points out that defendant fails to address plaintiff's

23  Fourteenth Amendment claim of right to bodily integrity.  This claim, however, fails for the

24  reasons set forth here.

25        The Substantive Due Process Clause protects personal decisions relating to

26  marriage, procreation, contraception, family relationships, child rearing, and education.

1  Lawrence v. Texas, 539 U.S. 558, 559 (2003); Planned Parenthood of Southeastern Pennsylvania

2  v. Casey, 505 U.S. 833, 851 (1992).  The Supreme Court has recognized that the individual has a

3  right to be "free from unwarranted governmental intrusion into matters so fundamentally

4  affecting a person as the decision whether to bear or beget a child."  Casey, 505 U.S. at 851.

5  Conduct that shocks the conscience is prohibited by the Due Process Clause of the Fourteenth

6  Amendment.  County of Sacramento v. Lewis, 523 U.S. 833, 846-49 (1998).

7         In this case, for defendant's same conduct, plaintiff alleges violations of his

8  substantive due process rights.  Because the Eighth Amendment provides an explicit source of

9  protection from the type of conduct plaintiff alleges, these claims are preempted by the Eighth

10  Amendment and should not be analyzed as a substantive due process claim under the Fourteenth

11  Amendment. See Wolff v. Hood, 242 F. Supp. 2d 811, 819 (D. Or. 2002) (finding that plaintiff

12  could not state a substantive due process claim for prison officials' failure to protect him from

13  violence by other inmates because the Eighth Amendment provides explicit constitutional

14  protection).

15  B.    Miscellaneous Motions

16        1.    Motion to Enter Default

17         On May 24, 2012, plaintiff filed a request to enter default against the defendant

18  pursuant to Federal Rule of Civil Procedure 55.  Because defendant Beck has appeared in this

19  action, entry of default is inappropriate.  Accordingly, this request will be denied.

20        2.    Motion for Extension of Time

21         On May 30, 2012, plaintiff filed a motion for extension of time to conduct

22  discovery.  In light of the recommendation for dismissal made herein and because extraneous

23  material cannot be considered on a motion to dismiss, this request will be denied.

24        3.    Motion for an Order for Inspection of Documents

25         On August 3, 2012, plaintiff filed a motion for an order for inspection of

26  documents.  Through this motion, plaintiff seeks access to grievances filed by other inmates

1  against Dr. Beck and documents prepared by the institution as related to Dr. Beck's treatment of

2  inmates.  Again, in light of the recommendation for dismissal made herein, this request will be

3  denied.  Furthermore, the court notes that plaintiff's requests for discovery are premature in light

4  of the defendant's pending motion to dismiss.

5             Based on the foregoing, IT IS HEREBY ORDERED that:

6             1.  A district judge be assigned to this case;

7             2.  Plaintiff's motion to enter default is denied;

8             3.  Plaintiff's motion for extension of time is denied;

9             4.  Plaintiff's motion for an order for inspection of documents is denied; and

10            IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be

11 granted.

12            These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14 days after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties.  Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17 objections shall be filed and served within fourteen days after service of the objections.  The

18 parties are advised that failure to file objections within the specified time waives the right to

19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: September 18, 2012.

21

22

23                                         UNITED STATES MAGISTRATE JUDGE

24 /014;mart0421.mtd

25

26

6