IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANELL MARTIN,

        Plaintiff,                 No. 2:12-cv-0421-JFM (PC)

    vs.

DR. PHILLIP H. BECK,           <u>ORDER AND</u>

        Defendant.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Dr. Phillip Beck's motion to dismiss. Plaintiff opposes the motion. On review of the motion and the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        This action arises from events that occurred at Doctor's Hospital of Manteca ("DHM"). Defendant Dr. Phillip Beck is a private doctor at DHM who contracts with the California Department of Corrections and Rehabilitation. On February 24, 2010, Dr. Beck performed a laser oblation surgery on plaintiff to correct a double-stream urinary flow condition caused by an enlarged prostate gland. Plaintiff suffered complications following the surgery, including an inability to urinate without a catheter and a permanent condition called retrograde

1

ejaculation, a common side-effect of the surgery whereby semen is ejaculated into the bladder and urinated out, rendering plaintiff permanently sterile. Plaintiff also alleges that his initial double-stream urinary flow problem remains an issue.

Plaintiff initiated this action on February 17, 2012 claiming that Dr. Beck did not inform plaintiff of the potential side-effects of the laser oblation surgery and that, had plaintiff been informed of the potential side-effects, he would not have agreed to the surgery. Plaintiff seeks damages and declaratory and injunctive relief.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

## DISCUSSION

A.   Defendant's Motion to Dismiss

   1.   Eighth Amendment

Defendant seeks dismissal of plaintiff's complaint for failure to state a claim. He asserts that plaintiff's claim sounds in negligence and/or medical malpractice, and that this is insufficient to state an Eighth Amendment claim for deliberate indifference.

Deliberate indifference to serious medical needs violates the Eighth Amendmen''s proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "In the Ninth Circuit, the test for deliberate indifference consists of two parts." Jett, 439 F.3d at 1096. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A prison official is "deliberately indifferent" if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, the second prong is satisfied by the plaintiff showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096.

Prison officials demonstrate "deliberate indifference" when they are aware of the patient's condition but "deny, delay or intentionally interfere with medical treatment." Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Under this standard, the prison official must not only "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person 'must also draw the inference.'" Farmer, 511 U.S. at 837; Toguchi, 390 at 1057. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 390 at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that

/////

3

1  harm actually would befall an inmate; it is enough that the official acted or failed to act despite
2  his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.
3  In applying the deliberate indifference standard, the Ninth Circuit has held that
4  before it can be said that a prisoner's civil rights have been abridged, "the indifference to his
5  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'
6  will not support this cause of action." Broughton v.. Cutter Laboratories, 622 F.2d 458, 460 (9th
7  Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been
8  negligent in diagnosing or treating a medical condition does not state a valid claim of medical
9  mistreatment under the Eighth Amendment.  Medical malpractice does not become a
10 constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at
11 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974
12 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious
13 medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's
14 mere disagreement with diagnosis or treatment does not support a claim of deliberate
15 indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
16 Here, at most, plaintiff alleges facts tending to indicate that defendant failed to
17 secure plaintiff's informed consent before performing a surgery to correct a split-stream urinary
18 problem.  Because mere negligence does not rise to the level of a "cruel and unusual
19 punishment" under the Eighth Amendment, plaintiff's Eighth Amendment claim against
20 defendant fails.
21     2.    Fourteenth Amendment
22 In his opposition, plaintiff points out that defendant fails to address plaintiff's
23 Fourteenth Amendment claim of right to bodily integrity.  This claim, however, fails for the
24 reasons set forth here.
25 The Substantive Due Process Clause protects personal decisions relating to
26 marriage, procreation, contraception, family relationships, child rearing, and education.

Lawrence v. Texas, 539 U.S. 558, 559 (2003); Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 851 (1992). The Supreme Court has recognized that the individual has a right to be "free from unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child." Casey, 505 U.S. at 851. Conduct that shocks the conscience is prohibited by the Due Process Clause of the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 846-49 (1998).

In this case, for defendant's same conduct, plaintiff alleges violations of his substantive due process rights. Because the Eighth Amendment provides an explicit source of protection from the type of conduct plaintiff alleges, these claims are preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment. See Wolff v. Hood, 242 F. Supp. 2d 811, 819 (D. Or. 2002) (finding that plaintiff could not state a substantive due process claim for prison officials' failure to protect him from violence by other inmates because the Eighth Amendment provides explicit constitutional protection).

B.   Miscellaneous Motions

   1.   Motion to Enter Default

On May 24, 2012, plaintiff filed a request to enter default against the defendant pursuant to Federal Rule of Civil Procedure 55. Because defendant Beck has appeared in this action, entry of default is inappropriate. Accordingly, this request will be denied.

   2.   Motion for Extension of Time

On May 30, 2012, plaintiff filed a motion for extension of time to conduct discovery. In light of the recommendation for dismissal made herein and because extraneous material cannot be considered on a motion to dismiss, this request will be denied.

   3.   Motion for an Order for Inspection of Documents

On August 3, 2012, plaintiff filed a motion for an order for inspection of documents. Through this motion, plaintiff seeks access to grievances filed by other inmates

5

against Dr. Beck and documents prepared by the institution as related to Dr. Beck's treatment of inmates. Again, in light of the recommendation for dismissal made herein, this request will be denied. Furthermore, the court notes that plaintiff's requests for discovery are premature in light of the defendant's pending motion to dismiss.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. A district judge be assigned to this case;

2. Plaintiff's motion to enter default is denied;

3. Plaintiff's motion for extension of time is denied;

4. Plaintiff's motion for an order for inspection of documents is denied; and

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 18, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;mart0421.mtd